# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BRIAN A. CAMPBELL,

                          Petitioner,

         v.                                    CASE NO. 13-3095-RDR

CLAUDE MAYE, et al.,

                          Respondents.

# O R D E R

This matter comes before the court on a petition seeking a writ of habeas corpus under 28 U.S.C. § 2241, filed pro se by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas. Having reviewed the record, the court enters the following preliminary directives.

*Filing Fee*

Petitioner neither prepaid the $5.00 district court filing fee required under 28 U.S.C. § 1914 for a habeas corpus action, nor filed a motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915. To proceed in this matter, petitioner must satisfy one of these statutory filing fee provisions. The failure to do so in a timely manner may result in the petition being dismissed without prejudice and without further prior notice.

*Exhaustion of Remedies*

It is well-settled that federal prisoners must exhaust administrative remedies before commencing a petition pursuant to § 2241. *Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir.1986). This exhaustion requirement is satisfied by "using all steps that the

agency holds out." *Woodford v. Ngo*, 548 U.S. 81 (2006)(quotation omitted).

In the present case, petitioner's bare statement that he fully exhausted administrative remedies is insufficient to satisfy his burden of demonstrating his full exhaustion of remedies on the issue raised in his petition. *Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981)("The burden of showing exhaustion rests on the petitioner in federal habeas corpus actions.")(citation omitted).

Petitioner is thereby directed to supplement the petition to demonstrate his exhaustion of administrative remedies. The failure to do so in a timely manner may result in the petition being dismissed without prejudice and without further prior notice.

*Habeas Relief Appears Moot*

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). This statute permits a prisoner to attack the execution of his sentence as it affects the fact or duration his confinement. *See Overturf v. Massie*, 385 F.3d 1276, 1278 (10th Cir.2004).

Here, petitioner's contentions relate to his unsuccessful attempts to secure consideration for placement in a Residential Reentry Center (RRC) as provided by federal statutes and Bureau of Prisons (BOP) regulations. Petitioner acknowledges, however, that his release date is imminent and that his placement in an RRC facility is now foreclosed. Thus to the extent petitioner is attempting to assert any appropriate claim under § 2241 regarding his RRC placement, any such claim appears to be moot. Absent a showing by petitioner to the contrary, the petition is subject to being dismissed. The

failure to file a timely response may result in the petition being dismissed as moot without further prior notice.

*Non-Habeas Claims*

Petitioner also contends that his Unit Team Manager acted unprofessionally and in a retaliatory manner by placing false information in petitioner's prison record, that BOP staff failed to properly handle his administrative grievances, and that all defendants failed to comply with BOP regulations. These allegations concern the conditions of petitioner's confinement rather than the execution of petitioner's federal sentence, thus habeas corpus is not appropriate for such claims. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir.1997)(where prisoner attacks the conditions of his confinement, jurisdiction is not proper under 28 U.S.C. § 2241). Petitioner can instead pursue relief to the extent allowed by law in one or more separate non-habeas civil action. [1] *Id.*

IT IS THEREFORE ORDERED that petitioner is granted twenty (20) days to EITHER pay the $5.00 district court filing fee, OR submit a

---

[1] *See e.g. Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)(Supreme Court recognized a private right of action in favor of victims of constitutional violations committed by federal agents in the performance of their official duties); *Simmat v. U.S. Bureau of Prisons,* 413 F.3d 1225, 1231-32, 1236 (10th Cir.2005)(28 U.S.C. § 1331 is a sufficient statutory basis for equity jurisdiction over federal prisoner's constitutional claims seeking injunctive relief against federal actors concerning conditions of confinement); *United States v. Muniz*, 374 U.S. 150 (1963)(a person can sue under the Federal Tort Claims Act "for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee"); *and Sellers v. Bureau of Prisons*, 959 F.3d 307 (D.C.Cir.1992)(prisoner alleging adverse determinations resulting from erroneous information in BOP records with no opportunity to respond can proceed under the Privacy Act, 5 U.S.C. § 552a).

Petitioner is advised that effective May 1, 2013, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $50.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States. This $50.00 general administrative fee does not apply to a prisoner proceeding in forma pauperis in a non-habeas civil action, who is obligated to pay the full $350.00 district court filing fee, 28 U.S.C. § 1915(b)(1), and may do so over time by payment of an initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1) and by automatic payments thereafter from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

form motion for seeking leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that petitioner is granted twenty (20) days to supplement the petition to sufficiently demonstrate his exhaustion of administrative remedies, and to show cause why the petition seeking habeas corpus relief under 28 U.S.C. § 2241 should not be dismissed as moot

The clerk's office is to provide petitioner with a form motion for filing under 28 U.S.C. § 1915.

DATED:  This 28th day of June 2013, at Topeka, Kansas.


s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge